IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SANFORD PAYTON | § | |
| v. | § | CIVIL ACTION NO. 5:05cv102 |
| GINA BARNETT | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Sanford Payton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Payton said in his original complaint that around April 5 or 6 or 7 of an unstated year, nurse Gina Barnett came and asked if he was Mr. Payton. When she ascertained that he was, Barnett asked if he was taking any kind of medication. When Payton said no, Barnett replied that she found that hard to believe and that as old as he was, he should be taking "all kinds of medicine." She then asked to give him a blood test and did so. Barnett called him back the next day and told him that he had tuberculosis and placed a mask on his nose and mouth. He was then sent to the Stiles Unit.

On May 23, 2005, the Magistrate Judge ordered Payton to file an amended complaint setting out his claims with more factual specificity. The Magistrate Judge also ordered Payton to pay the filing fee or to submit a proper application for leave to proceed *in forma pauperis*. On July 6, 2005, Payton filed an amended complaint at the instruction of the Magistrate Judge. In this amended complaint, he said that Barnett told him that he had tuberculosis in January of 2004. He gives almost

the same account of the conversation between himself and Barnett, noting that Barnett had told him that at his age, he should be on all kinds of medicine. Payton did not respond to the Magistrate Judge's order concerning the filing fee or IFP motion.

On October 11, 2005, Payton filed a second amended complaint. This second amended complaint was styled as a "federal criminal complaint" and accused Barnett and the doctor for whom she was working of "experimenting on him." Payton gives the date of the incident in this pleading as December of 2004. He says that he did not have TB when he got to the unit and that no one there has it, so he speculates that he must have contracted it from the blood test which Barnett gave him.

On October 18, 2005, the Magistrate Judge issued a Report recommending that Payton's lawsuit be dismissed.[1] In this Report, the Magistrate Judge concluded that Payton had not shown that he suffered any injury as a result of the incident. The Magistrate Judge also observed that Payton's first amended complaint acknowledged that he had not exhausted his administrative remedies, but simply said, without elaboration, that "they said they didn't have no grievance." The Magistrate Judge concluded that this bald and conclusory allegation was not sufficient to show that the prison grievance procedure was not available to him for purposes of 42 U.S.C. §1997e(a). *See* Ferrington v. Louisiana Department of Corrections, 315 F.3d 529, 532 (5th Cir. 2002); *compare* Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003).

Payton filed objections to the Magistrate Judge's Report on October 26, 2005. In his objections, Payton now says that the incident took place around April 5-7, 2005. He says that he did not sign for the nurse to give him a shot, and that the shot apparently gave him tuberculosis because he did not have TB until afterwards. He says that the shot caused him physical injury, mental

---

[1] This Report was drafted before Payton's second amended complaint was entered on the docket. In any event, Payton cannot bring criminal charges as a private citizen. Bass Angler Sportsman Society v. United States Steel, 324 F.Supp. 412, 415 (S.D. Ala.), *aff'd* 447 F.2d 1304 (5th Cir. 1971); *see also* Oliver v. Collins, 914 F.2d 56 (5th Cir. 1991).

anguish, and emotional distress which itself brought on physical pain. Payton does not allude in his objections to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies.

The date of the incident as stated in the objections, April 5-7 of 2005, lends credence to the Magistrate Judge's determination regarding exhaustion. While Payton's original lawsuit is not dated, the postmark is stamped May 2, 2005, less than one month after the incident took place. Payton has neither alleged nor shown that he was able to exhaust both steps of the grievance procedure in this brief time period; on the contrary, as noted by the Magistrate Judge, Payton's first amended complaint expressly says that he did not exhaust his administrative grievances. His lawsuit may therefore be dismissed for failure to exhaust. *See* Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

In addition, Payton did not comply with the Magistrate Judge's order that he pay the filing fee or submit an application for leave to proceed *in forma pauperis* which is accompanied by a certified inmate trust account data sheet. The Fifth Circuit has held that a district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988); Rule 41(b), F. R. Civ. P. Payton's lawsuit may be dismissed on this basis as well.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's original and both amended complaints, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Magistrate Judge's Report was correct and should be adopted insofar as it recommended dismissal of the lawsuit for failure to exhaust administrative remedies. The Court has further concluded that Payton's lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court, insofar as this Report recommends dismissal for failure to exhaust administrative remedies. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies and failure to prosecute or to obey an order of the Court. Finally, it is

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 23rd day of November, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE